JONES *v.* STATE.

(Division A.   April 29, 1935.)

[161 So. 143.   No. 31643.]

Harry K. Murray, of Vicksburg, for appellant.

W. D. Conn, Jr., Assistant Attorney-General, for the state.

**McGowen, J.,** delivered the opinion of the court.

Appellant was convicted in the lower court on an indictment charging him with an attempt to commit burglary, and was sentenced to serve a term of five years in the state penitentiary, from which this appeal is prosecuted. The indictment, in part, charges that the appellant did ''wilfully, feloniously and burglariously attempt, wilfully, feloniously and burglariously to break and enter the dwelling house of one Mrs. Hester C. Flowers by breaking or forcing a window of said dwelling with the intent wilfully, feloniously and burglariously to take, steal and carry away the personal property therein contained.''

The indictment is predicated upon section 793, Code 1930, which is, in part, as follows: ''Every person who shall design and endeavor to commit an offense, and shall do any overt act toward the commission thereof, but shall

fail therein, or shall be prevented from committing the same, on conviction thereof, shall,'' etc.

In Miller v. State, 130 Miss. 730, 95 So. 83, 84, an attempt under this statute was defined as follows: ''Under this section there are two necessary elements to constitute the offense, first, the intent to commit an offense; and, second, an overt act toward its commission''—citing to support this the cases of Cunningham v. State, 49 Miss. 685, and State v. Wade, 102 Miss. 711, 59 So. 880, in which latter case the court held that the language of the statute was but an apt statement of the common law. In the case of Stokes v. State, 92 Miss. 415, 46 So. 627, 629, 21 L. R. A. (N. S.) 898, we find this statement of the law: ''There must be an attempt to commit a crime, and an act toward its consummation. So long as an act rests on bare intention, it is not punishable; but, immediately when an act is done, the law judges, not only of the act done, but of the intent with which it was done, and if accompanied with an unlawful and malicious intent, though the act itself would otherwise have been innocent, the intent being criminal, the act becomes criminal and punishable.'' The court there further said that: ''To a very great extent each and every case must stand on its own facts.''

Briefly stated, the facts of the case at bar are these: The home of Mrs. Hester C. Flowers is located on Cherry street in the city of Vicksburg, Warren county, Mississippi. A night watchman had been employed to guard the premises. At about nine-thirty p. m. this night watchman discovered the appellant walking upon the front porch of this house and saw him pass the front door and go to a window, and shake and rattle ''the window like he was trying to get in.'' At this point the night watchman accosted him, holding a gun on him, and about that time Mr. Flowers drove up, called the police, and turned the appellant over to the police. A dim light

was burning in the hallway, but the front porch was dark at the time.

The appellant stated that the cook had told him to bring some eggs there. He had no eggs with him at the time. The cook at the Flowers home testified that the appellant had come to the house a few evenings before and told her, when he found Mrs. Flowers was not at home, that Mrs. Flowers had told him to bring some eggs, and that thereupon the cook said Mrs. Flowers had not told appellant anything of the kind because her own hens were laying, and that Mrs. Flowers was out of town. The cook asked appellant when Mrs. Flowers had so told him, and he replied it was "about a week ago," and the cook told him that Mrs. Flowers had been out of town for about three weeks at that time.

At the time of his arrest, the appellant declared: "I was not trying to break in. I did not get in and steal anything. I want you to let me go."

From these facts, may it be implied that the appellant intended to commit the crime laid in the indictment, to-wit, burglary? The act itself consisted of rattling the window. The appellant is not shown to have had any burglar's tools or any design to unlawfully effect an entrance into the dwelling. Such a design may be shown by circumstances. An act, in and of itself, may be sufficient to warrant the jury in finding that the intent existed. But here the act of rattling the window is just as consistent with the implied intent of attracting the attention of parties on the inside of the building as it is to infer that the appellant intended to forcibly make his entrance. According to the evidence, he did not undertake to raise the window or to break the glass, and he is not shown to have had any tools with which to forcibly enter. The fact is that it may be inferred that he desired to hold a conversation with the cook, or had some other motive, lawful or unlawful. The intent implies purpose only,

while an attempt implies both purpose and an actual effort to carry that purpose into execution.

In the case at bar, if the facts were sufficient to establish an intent, then a slight act might be sufficient to sustain the conviction of appellant. The method employed need not be the most sensible or usual, but, if calculated to carry out the unlawful purpose, then a conviction would be sustained.

The mere fact that the appellant "rattled the window like he was trying to get in" does not raise the presumption that he had the intent to commit burglary. Under this indictment the intent to commit that crime was an essential, indispensable element thereof.

It is true that in this case the appellant told a falsehood, but there still remains an utter lack of intent to be adduced, on the part of this appellant, to commit the crime of burglary. It is probable that the arrest was made a trifle too soon.

The peremptory instruction requested by the appellant should have been granted by the court, because the evidence is insufficient to sustain a conviction, and the appellant must be discharged.

Reversed, and appellant discharged.