BULLOCK *v.* STATE.

(In Banc.  Oct. 11, 1943.)

[15 So. (2d) 285.  No. 35260.]

A. L. Whitten, of Sumner, and Jackson, Young & Friend, of Jackson, for appellant.

Greek L. Rice, Attorney-General, by R. O. Arrington, Assistant Attorney-General, for appellee.

**Alexander, J.**, delivered the opinion of the court.

Appellant was convicted of an attempt to commit burglary with an intent to steal. The acts on which the charge is predicated are the following: The owner of the premises, Mrs. Burt, testified that the defendant came to her home at one o'clock in the morning and awakened her "knocking at the back door." She roused her son, turned on a light, and demanded to know who was there. The defendant replied: "Open the door. I am coming in." The question was repeated with the same answer. Her son likewise demanded who he was, and the defendant replied: "Open the door and let me in." The son fired a pistol shot, whereupon the defendant went to a window "knocking at the house." The son then shot four times and called to others to help locate or apprehend defendant.

The defendant went away after the shots were fired, and despite his knowledge that the house was occupied and defended, he returned in about an hour. The son fired at him again and he fled. He was soon afterwards caught and explained that he did not know what he was doing. The town marshal testified that when he arrested the defendant he was drunk, and further that he was "a bad drinker" and had often been arrested for drunkenness. The door to the home had been fastened with wooden buckles and had been broken open by defendant. There was no entry. The defendant had no tools nor weapons on his person.

Upon this testimony the defendant was convicted of an attempt at burglary. If the conviction is to be affirmed as against the motion for a directed verdict, it must be sustained upon proof beyond all reasonable doubt that the defendant intended to commit the crime of larceny therein as charged in the indictment.

It is true that in Moseley v. State, 92 Miss. 250, 45 So. 833, it was conceded that "some presumptions are to be indulged in against one who enters a building unbid-

den at a late hour of night," and it is reasoned that "the usual object is theft; and this is the inference ordinarily to be drawn, in the absence of explanation." Such generalization is quoted by the court from the decision of another state, and it must be assumed that the court was weighing mere inferences of fact upon which it justified a conviction in the light of the existing circumstances. This sort of inferences is usually the only material from which a jury may fashion its verdict, yet no rule of substantive law is thereby stated.

The circumstances in the instant case must furnish the only background for decision, and must be assayed with a view to determining whether there remain traces of reasonable doubt as to a larcenous intent. The facts are more nearly parallel to those in Jones v. State, 172 Miss. 597, 161 So. 143, where the defendant "rattled the window like he was trying to get in." This case, while stressing that a criminal intent implies a purpose and that such purpose may be proved circumstantially, nevertheless made prominent the requirement that such intent must be criminal and must be proved beyond all reasonable doubt. See 12 C. J. S., Burglary, Sec. 55, p. 732. The appellant here went further and committed an actual breaking, and in doing so displayed conduct that was more than merely anti-social, and, in any event, committed an artful and punishable trespass. While his drunkenness may be no defense, it must remain a factor in adjudging whether there was present a definite intent to steal. It is no condonation of the wanton and barbarous conduct of defendant to assert that while a larcenous intent could reasonably be inferred as a matter of logic, it may not be done as a matter of law. In reaching this conclusion we have curbed impulses ordinarily excited by suspicion and resentment, to which the jury must have succumbed.

Under the entire circumstances here presented, we believe there was no warrant to find beyond all reasonable doubt that the defendant was attempting to carry out a

burglarious intent to commit the only crime which would justify conviction here, that is, an intent to commit larceny.  State v. Buchanan, 75 Miss. 349, 22 So. 875; Irby v. State (Miss.), 4 So. (2d) 881.

Reversed, and appellant discharged. ·