254 So.2d 876 (1971)
Charles C. JACKSON
v.
STATE of Mississippi.
No. 46556.
Supreme Court of Mississippi.
November 29, 1971.
*877 George F. West, Jr., Natchez, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice:
The appellant Charles C. Jackson was indicted, tried and convicted in the Circuit Court of Wilkinson County, Mississippi, of the crime of attempted burglary of a dwelling house occupied by human beings. He was sentenced to serve a term of seven years in the State Penitentiary and from that sentence and judgment he has appealed to this Court.
He has presented four grounds of alleged error on which he contends that he is entitled to a reversal and a new trial.
The attorney for the appellant made a motion in the trial court requesting the court to quash the indictment and the venire upon the ground that Negroes and women were systematically excluded from the juries of Wilkinson County. The prosecution offered evidence on the motion, the defendant offered no evidence.
We have examined the testimony offered on this issue and the authorities cited by appellant, and we do not find any merit in this contention.
The proof offered by the State is clear and shows beyond question that there was no racial discrimination in the selection of juries in Wilkinson County, Mississippi, at the time complained of by appellant.
The attorney for the appellant moved the court for a continuance upon *878 the ground that he did not have sufficient time to prepare for trial. However, he offered no proof to sustain his motion.
As the trial court has broad discretion as to whether or not a continuance should be granted in the trial of a case, and, unless this Court can say from facts shown in the trial that the trial court abused its discretion, or that an injustice has been done, the Supreme Court of Mississippi will not disturb the holding of the trial court denying such a motion. Boydstun v. Perry, 249 So.2d 661 (Miss. 1971); Barnes v. State, 249 So.2d 383 (Miss. 1971); Cummings v. State, 219 So.2d 673 (Miss. 1969); Bennett v. State, 197 So.2d 886 (Miss. 1967).
We cannot say that the trial judge abused his discretion in refusing a continuance in this case.
The appellant contends that the trial court committed reversible error in refusing to grant the appellant the following jury instruction:
"The Court instructs the jury for the defendant that though you believe the defendant had an intent to burglarize the home of Mrs. J.T. Turner, and committed some overt act or acts in support thereof; that if the defendant had it within his power to complete or commit the act of burglary, and failed to do so in the absence of some independent intervening agency or cause, then he cannot be guilty of the crime for which he is accused."
This instruction is obviously an effort to present to the jury the defense of "voluntary abandonment of an attempt to commit a crime." The trouble with this instruction is that it went too far in stating that after the accused had committed some overt act in support of his alleged intent to commit the crime of burglary, he could not be convicted because he did not complete his intended crime, since he had the power to do so.
It must be remembered that an attempt to commit the crime of burglary (or an attempt to commit any other crime, for that matter) is just as much a crime as the completed act is a crime. Where a person with the intent to commit a crime performs some overt act toward the commission of the intended crime, he is guilty of the crime of "attempt to commit the crime", provided the act is more than mere preparation. One may intend to commit the crime of murder and may procure a firearm for that purpose, but until his acts go beyond mere preparation to the extent of doing some overt act in the actual carrying into effect his intent, he is not guilty of an "attempted murder". If, on the other hand, one proceeds beyond mere preparation, his voluntary abandonment will not bar his conviction. We attempted to point out the difference between preparation to commit an intended crime and an overt act in the carrying into effect the crime in the case of Bucklew v. State, 206 So.2d 200 (Miss. 1968).
The trial court properly refused the foregoing instruction.
Finally, the appellant contends that the trial court erred in overruling the appellant's motion for a new trial because, it is said, the verdict was against the overwhelming weight of the evidence, and because the State did not meet the required proof necessary to establish guilt of the defendant.
The first part of the alleged error based upon the contention that the weight of the testimony was overwhelmingly in favor of the appellant is not well taken. The testimony of Mrs. J.T. Turner is to the effect that she was at home in bed asleep. She heard a noise and awakened. She saw the defendant trying to open the window. He twisted a hole in the screen window. When he made an effort to reach through the hole she screamed. He disappeared from the window. There is evidence at other places about the house which might have been properly admitted to show burglarious intent of an intruder, *879 but this evidence was excluded by the trial court. Nevertheless, there was additional evidence that the appellant went to another man's house to spend the night. His shoes had mud on them similar to the mud where tracks were found near the home of Mrs. Turner. Mrs. Turner was acquainted with the appellant. She recognized and identified him, therefore, we think that the evidence is more than sufficient to present a jury issue as to the guilt of appellant.
The second part of the alleged error is based upon the contention that the State did not prove intent to commit the crime of burglary. This is not, in our judgment, a reversible error. The appellant cites the cases of Bullock v. State, 195 Miss. 340, 15 So.2d 285 (1943) and Jones v. State, 172 Miss. 597, 161 So. 143 (1935) as authorities for his contention. In Jones, supra, the testimony showed that a trespassing, inebriated night prowler rattled the windows in the home of a State witness. This Court said in that case that:
"The mere fact that the appellant `rattled the window like he was trying to get in' does not raise the presumption that he had the intent to commit burglary. * * *" 172 Miss. at 602, 161 So. at 145.
These cases are not authorities under the facts in the instant case. We have held on many occasions (as pointed out in Newburn v. State, 205 So.2d 260, 265 [Miss. 1967]) that intent may be determined from the acts of the accused and his conduct and that inferences of guilt may be fairly deducible from all the circumstances.
We have failed to find any reversible errors committed in the Circuit Court in the trial of this case, and for that reason we are of the opinion that the judgment and sentence of the appellant must be affirmed.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.