305 So.2d 354 (1974)
Wayne M. RYALS
v.
STATE of Mississippi.
No. 48165.
Supreme Court of Mississippi.
December 16, 1974.
*355 Lawrence D. Arrington, Hattiesburg, for appellant.
A.F. Summer, Atty. Gen., by Vera Madel Speakes, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Wayne M. Ryals was convicted in the Circuit Court of Forrest County of assault and battery with intent to murder, and sentenced to serve a term of ten years in the penitentiary. He appeals.
Two grounds for reversal are assigned: (1) The verdict is contrary to the overwhelming weight of the evidence and (2) the verdict is contrary to the law and to the evidence.
Appellant's contention is that the overwhelming weight of the evidence shows that appellant is not guilty, because he was intoxicated, at the time of his act, to a degree that made him incapable of forming the intent to murder, which is a necessary ingredient of the crime charged.
Appellant relies upon Bullock v. State, 195 Miss. 340, 15 So.2d 285 (1943), to support his position. In Bullock, a mother and son were awakened about 1:00 o'clock in the morning by a man who demanded to be let into their home. The son fired a pistol and the man went away, but returned about an hour later. The son again fired the pistol and the man again fled. Shortly thereafter he was apprehended and found to be drunk. No tools or weapons of any kind were found in his possession. His conviction of burglary on these facts was reversed by this Court, the Court saying:
While his drunkenness may be no defense, it must remain a factor in adjudging whether there was present a definite intent to steal. It is no condonation of the wanton and barbarous conduct of defendant to assert that while a larcenous intent could reasonably be inferred as a matter of logic, it may not be done as a matter of law. In reaching this conclusion we have curbed impulses ordinarily excited by suspicion and resentment, to which the jury must have succumbed.

Under the entire circumstances here presented, we believe there was no warrant to find beyond all reasonable doubt that the defendant was attempting to carry out a burglarious intent to commit the only crime which would justify conviction here, that is, an intent to commit larceny. (Emphasis added). (195 Miss. at 344, 15 So.2d at 286)
Obviously, in Bullock, the circumstances would have been hardly sufficient to support a finding of an intent to commit larceny, whether the appellant there had been drunk or sober.
In the present case, the incident, which gave rise to the prosecution, occurred when appellant shot his own unarmed son with a twelve gauge shotgun. The shooting occurred in the course of an argument between father and son, the son having testified about it as follows: "He (appellant) kept trying to get us to go in the house, and I told him that we wasn't going in the house because it was hot in there, and he walked up there to me and acted like he was going to hit me, and I told him that he didn't have a chance then, and he said, I don't, huh. I said, no, and he went in the house, he muttered something, I don't know what it was, and come back out with a gun in his hand." This version, in substance, is borne out by the testimony of a number of others who were present at the time. Appellant did not testify.
*356 Almost immediately thereafter appellant shot his son with the gun, inflicting injuries which caused the loss of the son's leg. The doctor, who saw the victim at the hospital, found him in a condition of profound shock. He was suffering from multiple wounds across his lower abdomen, both thighs, and genitalia, and was hemorrhaging severely. The doctor stated the wound to the right thigh went through the vessels, arteries and veins, the patient was losing blood rapidly, and the wounds were such as likely would produce death.
As stated, it is the position of appellant that the overwhelming weight of the evidence shows that he had drunk a considerable quantity of intoxicants and was too drunk at the time of the shooting to have been capable of forming the intent necessary to constitute the crime.
However, this proposition was fully covered and was properly submitted to the jury in two instructions granted at appellant's request.
It was peculiarly the province of the jury to determine from all of the attendant circumstances disclosed in the evidence, including testimony relating to appellant's drinking and his state of drunkenness, whether appellant had been or had not been, at the time of the shooting, intoxicated to a degree which rendered him incapable of forming the necessary intent to murder. We have concluded that, on the basis of the record, there was evidence to support the jury's finding, implicit in the verdict under the instructions, that he had not been.
In Newburn v. State, 205 So.2d 260, 265 (Miss. 1967), this Court stated:
The State seldom has direct and positive testimony expressly showing the specific intent of an intruder at the time he unlawfully breaks into a dwelling house; however, such testimony is not essential to establish the intent to commit a crime. Intent is an emotional operation of the mind, and is usually shown by acts and declarations of the defendant coupled with facts and circumstances surrounding him at the time. Defendant's intention is manifested largely by the things he does.
It has been said that:
"Intent is a state of mind existing at the time a person commits an offense. If intent required definite and substantive proof, it would be almost impossible to convict, absent facts disclosing a culmination of the intent. The mind of an alleged offender, however, may be read from his acts, conduct, and inferences fairly deducible from all the circumstances." (13 Am.Jur.2d Burglary § 52 (1964)).
In Jackson v. State, 254 So.2d 876, 879 (Miss. 1971), this Court, commenting on Bullock, supra, and other cases cited, said:
These cases are not authorities under the facts in the instant case. We have held on many occasions (as pointed out in Newburn v. State, 205 So.2d 260, 265 [Miss. 1967]) that intent may be determined from the acts of the accused and his conduct and that inferences of guilt may be fairly deducible from all the circumstances.
Under all the circumstances in this case, the jury was warranted in finding that, while appellant had voluntarily drunk a quantity of intoxicants, he was not so intoxicated at the time of the shooting as to be incapable of forming an intent to murder his son, nor rendered incapable of understanding and appreciating the nature and consequences of his act.
Affirmed.
GILLESPIE, C.J., and ROBERTSON, SUGG and BROOM, JJ., concur.