766 So.2d 823 (2000)
John BENTON, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01709-COA.
Court of Appeals of Mississippi.
September 12, 2000.
*824 Thomas C. Levidiotis, Oxford, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorney for Appellee.
BEFORE KING, P.J., BRIDGES, AND MOORE, JJ.
BRIDGES, J., for the Court:
¶ 1. This is a criminal appeal from the Circuit Court of Marshall County where John Benton was convicted of aggravated assault by shooting his ex-wife Debroah Benton with a pistol as well as shooting her live-in boyfriend, Terry Moore, in the shoulder. He was tried by a jury and found guilty on both counts of the indictment. Benton was sentenced on August 20, 1998, to a term of twenty years on each count, with sentences to run concurrently, and to pay all court costs totaling $697.50. Immediately thereafter, Benton filed a motion for a judgment notwithstanding the verdict, or in the alternative, a new trial. Both requests were denied. From that final order, Benton perfected his appeal to this Court alleging the following error:
WHETHER THE TRIAL JUDGE ERRED IN OVERRULING BENTON'S MOTION FOR A CONTINUANCE MADE PRIOR TO TRIAL AND RENEWED IN THE MOTION FOR A JUDGMENT NOTWITHSTANDING THE VERDICT.

FACTS
¶ 2. The day after Christmas 1997, Terry Moore went outside the house he shared with Deborah Benton to move his automobile into the garage. John Benton, Deborah's ex-husband, apparently had been cruising up and down the street in front of his ex-wife's home, and Moore was worried about Benton possibly damaging the car. Moore went outside through the garage, and as the garage door was opening, John Benton approached Moore and demanded to know who he was. Before Moore could answer, Benton shot Moore in the shoulder. Hearing the noise, Deborah Benton walked out into the garage and was immediately shot in the neck by Benton. She is now paralyzed.
¶ 3. On the day of his trial, through his attorney, Richard Burdine, Benton requested a continuance so that he could obtain counsel of his choosing. Benton stated that he desired a new attorney because Burdine did not call some of the witnesses Benton had told him about in Benton's defense. Benton claimed that he had given his attorney the names of three witnesses who could help in his defense. When asked by the trial judge if there was anything Burdine wanted to put in the record, Burdine stated he had researched the three witnesses and had determined their testimony would be of no use. The trial judge denied the motion for a continuance, and on August 20, 1998, Benton was convicted by a jury of two counts of aggravated assault. After trial, Benton moved for a judgment notwithstanding the verdict, which was denied. Burdine then made a motion to withdraw from the case, and the trial judge allowed this, but not until new counsel made an appearance on Benton's behalf, or until Benton appeared for himself pro se. Benton now has new counsel.

*825 LEGAL ANALYSIS

STANDARD OF REVIEW
¶ 4. Mississippi Code Annotated section 11-7-123 (1972) provides:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists, and that the continuance is not sought for delay only, but that justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. The attorneys for the other side may also cross-examine and may introduce evidence by affidavit or otherwise for the purpose of showing to the court that a continuance should be denied. No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A denial of the continuance shall not be ground for reversal unless the supreme court shall be satisfied that injustice resulted therefrom.
In Jackson v. State, 254 So.2d 876, 878 (Miss.1971) the supreme court noted that a trial judge has broad discretion in granting and refusing continuances, and stated:
As the trial court has broad discretion as to whether or not a continuance should be granted in the trial of a case, and, unless this Court can say from facts shown in the trial that the trial court abused its discretion, or that an injustice has been done, the Supreme Court of Mississippi will not disturb the holding of the trial court denying such a motion.
See also Boydstun v. Perry, 249 So.2d 661 (Miss.1971); Barnes v. State, 249 So.2d 383 (Miss.1971); Cummings v. State, 219 So.2d 673 (Miss.1969); Bennett v. State, 197 So.2d 886 (Miss.1967).
¶ 5. The standard of review used in deciding if the trial judge was correct in the denial of a judgment notwithstanding the verdict is the same standard used in deciding if a trial judge was correct in granting a directed verdict. American Fire Protection, Inc. v. Lewis, 653 So.2d 1387, 1390 (Miss.1995). Under this standard, the Court uses the following analysis:
[The evidence is considered] in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, [then the Court is] required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required.
Id. (citations omitted). In other words, the Court must consider the motion in a light most favorable to the party opposing the motion. Eselin-Bullock & Assocs. Ins. Agency, Inc. v. National Gen. Ins. Co., 604 So.2d 236, 240 (Miss.1992).

DISCUSSION
¶ 6. Benton's motion for a continuance did not comply with the mandatory statutory requirements in that the affidavit for continuance failed to offer sufficient proof to support the motion. In Barnes v. State, 249 So.2d 383, 384 (Miss.1971), the supreme court noted the difference between a motion for continuance based on the lack of reasonable time for an attorney to prepare for trial and an application for continuance based on the ground of an absent witnesses stating,
The application for continuance upon the ground that the attorney for the defendant *826 has not had a reasonable time to prepare for trial is different from an application for continuance on the ground that there is an absent witness. When a witness is absent the movant must continue his effort to obtain the witness after having filed the motion required by Section 1520 Mississippi Code 1942 Annotated (1956). See: King v. State, 251 Miss. 161, 168 So.2d 637 (1964). On the other hand, a motion for continuance upon the ground that an attorney has not had sufficient time to prepare for trial is subject to proof and also as to facts as they may appear from that which is known to the trial court.
In this case, Benton did not offer any of the names, addresses, or facts that the non-present witnesses would testify to, as was required by statute. He also did not offer any proof that his attorney did not have sufficient time to prepare for trial. Benton states in the record that he wanted a continuance because he wanted a new attorney, and this does not touch either of the above grounds; he was not claiming that he could not find a witness, nor was he claiming his attorney did not have enough time. Because of this, the way in which Benton made this motion is insufficient to support the motion itself. In addition, Benton's attorney stated that he was ready for trial, and nowhere is this disputed. Benton wanted a new attorney because he did not agree with his attorney's decision not to call witnesses that Benton had told him about. In the record, Benton's attorney stated that he thought the testimony of those that Benton claimed would help his defense would not be of any benefit to his defense. This was a tactical decision and one that is reserved for the attorney to make.
¶ 7. It is well known, and Benton correctly points out, that a defendant has a Sixth Amendment right to counsel, and that he has a right to choose that counsel. Atterberry v. State, 667 So.2d 622, 630 (Miss.1995). This was the reason for which Benton made his motion for a continuance. However, though the right to counsel is absolute, the right to counsel of choice is not absolute. Atterberry v. State, 667 So.2d at 630. This right may not be used to thwart the progress of a trial. Ladnier v. State, 273 So.2d 169, 173 (Miss. 1973).
¶ 8. These things considered with the standard for the granting or denial of a continuance enumerated above causes this Court to find that there was no error in the trial judge's denial of a continuance. The trial judge had the discretion to deny a continuance, and in doing so he did not deny Benton the right to counsel. Benton's attorney, Burdine, stated on the record he was in fact ready for trial, and that the reason Benton wanted new counsel was simply because of a strategy matter. The decision of the trial court will only be overturned if an injustice occurs, and it is clear that there is no injustice where a defendant is represented by counsel who is ready for trial. Jackson v. State, 254 So.2d 876, 878 (Miss.1971). Benton does have the right to an attorney of his choosing, but he does not have the right to stop the progress of his trial to secure that right. Therefore, there was no error in the judge's refusal to grant a continuance.
¶ 9. In addition, the trial judge did not err in refusing to grant a judgment notwithstanding the verdict. Benton claims in his issue that the trial judge should have granted a judgment notwithstanding the verdict, yet in his brief he makes no mention of grounds upon which this motion should have been granted other than the argument he makes in favor of the granting of the continuance. The standard to be applied in granting a judgment notwithstanding the verdict is to consider the facts in the light most favorable to the State as appellee. Eselin-Bullock & Assocs. Ins. Agency, Inc. v. National Gen. Ins. Co., 604 So.2d 236, 240 (Miss.1992). In taking the facts of this case, particularly the facts concerning the judge's denial of a continuance, and looking at them in the light most favorable to the State, there is no reason to think that the judgment notwithstanding the verdict should have been given. Since the judge was within his *827 discretion to deny the continuance, it can hardly be argued that given the facts in the light most favorable to that denial, the denial should be overturned. Therefore, the judge did not err in denying the judgment notwithstanding the verdict.
¶ 10. In conclusion, the trial judge did not err in overruling Benton's motion for a continuance prior to trial and did not err in granting Benton's judgment notwithstanding the verdict. Benton has failed to prove the trial court judge abused his discretion causing an injustice to occur, failed in proving the judgment notwithstanding the verdict should be granted, and this Court affirms the judgment of the trial court.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY OF CONVICTION OF TWO COUNTS OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS ON EACH COUNT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONCURRENTLY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. McMILLIN, C.J., CONCURS IN RESULT ONLY.