999 So.2d 436 (2009)
Clarence A. HARRIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00719-COA.
Court of Appeals of Mississippi.
January 13, 2009.
Clarence A. Harris (Pro Se).
Office of The Attorney General by Laura Hogan Tedder, attorney for appellee.
EN BANC.
KING, C.J., for the Court.
¶ 1. Clarence A. Harris pled guilty to a charge of sale of cocaine and was sentenced on April 14, 2006, to serve twelve years in the custody of the Mississippi Department of Corrections. He subsequently filed a motion for post-conviction relief which was dismissed by the circuit court without an evidentiary hearing. He appeals the dismissal of his motion for post-conviction relief.
¶ 2. On appeal, Harris raises three issues: the trial court erred in dismissing the petitioner's motion for post-conviction relief without granting an evidentiary hearing; the trial court erred in dismissing the claim of ineffective assistance of counsel; and the trial court failed to move for a continuance sua sponte or grant a continuance at the request of the petitioner.
¶ 3. Finding no error, the Court affirms the circuit court's judgment.

FACTS
¶ 4. As previously stated, Harris pled guilty to sale of cocaine and was sentenced on April 14, 2006, to serve twelve years in the custody of the Mississippi Department *437 of Corrections. He subsequently filed a motion for post-conviction relief which was dismissed by the circuit court without an evidentiary hearing.
¶ 5. In his motion, Harris alleged that he was dissatisfied with his previous attorney and paid attorney Josh Stevens $500 to take his case. Attached to the motion for post-conviction relief was a copy of a receipt for $500 in cash paid to the Stevens Law Firm, PLCC. Harris alleges that he "was forced to plea, because of being denied a continuance, or chance to contact Stevens's law firm." Harris alleges that he informed the court at the time of the guilty plea that he was not satisfied with his attorney.
¶ 6. The circuit judge entered an order finding the motion to be without merit and not requiring a hearing.

DISCUSSION
¶ 7. In reviewing a court's decision to dismiss a motion for post-conviction relief, this Court has held that it will not disturb a trial court's factual findings unless the findings are found to be clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004). However, where questions of law are raised, the applicable standard of review is de novo. Graves v. State, 822 So.2d 1089, 1090(¶ 4) (Miss.Ct. App.2002) (citing Pickett v. State, 751 So.2d 1031, 1032(¶8) (Miss.1999)).

1. Dismissal of the Motion for Post-Conviction Relief
¶ 8. Mississippi Code Annotated section 99-39-11 (Rev.2007) provides in part:
(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
¶ 9. In this case, the trial court found the Harris's claims "to be without merit" and dismissed the motion for post-conviction relief without an evidentiary hearing.
¶ 10. We find that there was nothing further to be gained by an evidentiary hearing, and the court correctly dismissed the motion without the necessity of a hearing. There is no merit to this assignment of error.

2. Ineffective Assistance of Counsel
¶ 11. To prove ineffective assistance of counsel, Harris must show that: (1) his counsel's performance was deficient, and (2) this deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong but rebuttable presumption that the counsel's performance falls within the range of reasonable professional assistance. Strickland, 466 U.S. at 689, 104 S.Ct. 2052. The burden of proof lies with the defendant, in this case Harris, to demonstrate both prongs. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990). The defendant must prove both prongs of the test with specificity and detail in order to succeed. Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990).
¶ 12. In this case, Harris does not provide any evidence or affidavits to support his claim of ineffective assistance of counsel. There is nothing in the motion or supporting memorandum to show that there is merit to this assignment of error.

3. Denial of Motion for Continuance
¶ 13. Harris alleges that Stevens was retained to represent him at trial; *438 however, there is no proof in the record to support this allegation. Stevens never entered an appearance in this case, and the receipt for $500 presented to the trial court does not state that it was for representation in this case. Although Harris alleges that new counsel was hired, there is nothing in the record to support this assertion.
¶ 14. The trial court has broad discretion in granting or refusing continuances. Jackson v. State, 254 So.2d 876, 878 (Miss.1971). Unless the appellate court can find from the facts that the trial court abused its discretion or that an injustice has been shown, the appellate court will not disturb the holding of the trial court denying such a motion. Id.; Benton v. State, 766 So.2d 823, 825(¶ 4) (Miss.Ct. App.2000).
¶ 15. As this Court previously held, "[t]he trial judge had the discretion to deny a continuance, and in doing so he did not deny [the defendant] the right to counsel." Benton, 766 So.2d at 826(¶ 8). Harris had the Sixth Amendment right to counsel, and he had a right to choose that counsel. Atterberry v. State, 667 So.2d 622, 630 (Miss.1995); Benton, 766 So.2d at 826(¶ 7). Although the right to counsel is absolute, the right to counsel of choice is not absolute. Atterberry, 667 So.2d at 630. The right to choose counsel may not be used to thwart the progress of a trial. Benton, 766 So.2d at 826(¶ 7) (citing Ladnier v. State, 273 So.2d 169, 173 (Miss. 1973)). The employment of new counsel just prior to a trial date is not automatically grounds for a continuance. See, e.g., McCormick v. State, 802 So.2d 157, 160-61 (¶¶ 13-14) (Miss.Ct.App.2001) (finding that it is within the trial court's sound discretion whether counsel had ample opportunity to prepare for trial).
¶ 16. As the State correctly points out to the trial court, Harris had counsel present and was ready for trial. Under these facts we cannot say that the trial court erred in denying Harris a continuance. Harris failed to prove that the trial judge abused his discretion or caused an injustice to occur by denying the requested continuance. There is no merit to this assignment of error.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.
LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.