295 So.2d 735 (1974)
Lawrence UMPHRESS
v.
STATE of Mississippi.
No. 47950.
Supreme Court of Mississippi.
June 10, 1974.
Williams & Williams, Water Valley, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Lawrence Umphress was convicted for the delivery of amphetamine, a controlled *736 substance, by the Circuit Court of Chickasaw County. He was sentenced to three years in the state penitentiary and fined $2000. One year and $1000 were suspended pending the appellant's good behavior. He appeals from this judgment.
Four indictments were returned against Umphress by the Grand Jury of Chickasaw County during the October 1972 term of the Circuit Court. Each charged Umphress with the unlawful delivery of amphetamine. Indictments in Cause Nos. 8415 and 8416 charged the delivery of amphetamine on December 20, 1971. The indictments in Cause Nos. 8417 and 8418 charged the delivery of amphetamine on December 30, 1971. With the exceptions of the dates all of the indictments are in identical language. The appellant was tried and convicted in Cause No. 8418. The indictment in it, omitting the formal parts, appears as follows:
... That LAWRENCE UMPHRESS late of the District and County aforesaid, on or about the 30th day of December, 1971, in the District and County aforesaid, did unlawfully, wilfully and feloniously, deliver a Controlled Substance, to wit: Amphetamine, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Mississippi.
The appellant demurred to the four indictments prior to the trial in Cause No. 8418. The basis of the demurrers was that the indictments were so vague, indefinite and uncertain that they failed to inform the defendant of the nature and cause of the accusations against him in violation of the Constitution of the United States and the Mississippi Constitution (1890). Additionally, it was argued that the indictments were so vague, indefinite and uncertain in their detail that the defendant could not plead double jeopardy in a subsequent proceeding.
The demurrers were overruled and this cause proceeded to trial with the result mentioned. However, each of the indictments is presently before this Court by direction of the trial court.
The issue for determination is whether the indictment by which the appellant was convicted was sufficient to adequately inform him of the nature and cause of the accusation against him as required by the Sixth Amendment to the Constitution of the United States and Section 26, Mississippi Constitution (1890).
In Kelly v. State, 204 Miss. 79, 36 So.2d 925 (1948), we held:
Section 26 of the Constitution of 1890 secures to the accused such a specific description of the nature and cause of the accusation as will enable him to make preparation for his trial, and also such identification of the offense that he may be insured against a subsequent prosecution therefor... . (204 Miss. at 88-89, 36 So.2d at 926)
More recently we defined the office of an indictment in Westmoreland v. State, 246 So.2d 487 (Miss. 1971), by stating:
An indictment, of course, constitutes the "pleading" in a criminal case. Its office is to apprise the defendant of the charge against him in fair and intelligible language (1) in order that he may be able to prepare his defense, and (2) the charge must be laid with sufficient particularity of detail that it may form the basis of a plea of former jeopardy in any subsequent proceedings... . (246 So.2d at 489)
The indictment in the present case and those of the related causes could hardly be more indefinite. They do not specify time or place with any particularity. Neither do they designate the person to whom delivery was made. A comparison of the charges with the requirements of Kelly and Westmoreland, supra, indicate quite clearly, we think, the inadequacies of the indictments. There is no logical way the appellant could determine which of the charges arising on a particular day that he was *737 being tried under and consequently, no way thereafter to plead double jeopardy.
We need not elaborate on the pronouncements of Kelly and Westmoreland, supra, except to say that they remain the law of this state, and if they had been observed as precedent, we could have affirmed this case rather than having to state that the demurrers to the indictments should have been sustained due to their vagueness.
We are aware of the holdings of Young v. State, 245 So.2d 26 (Miss. 1971), and Lea v. State, 64 Miss. 201, 1 So. 51 (1886), wherein it is stated that the identity of a person to whom contraband is delivered is not essential to an indictment; nevertheless, identification is not forbidden, and in many indictments could add particularity that is now lacking, as well as forming a basis for a jeopardy plea in a subsequent proceeding.
Moreover, the indictment does not state an essential to the crime of delivery of a controlled substance. It states only that Umphress "did deliver a controlled substance, to wit: amphetamine... ."
Mississippi Code Annotated section 41-29-105(g) (1972) defines "deliver" as follows:
"Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance, whether or not there is an agency relationship. (Emphasis added.)
We are of the opinion that the transfer from one person to another is a necessary essential to the completion of an unlawful delivery by the terms of the statute.
We conclude this cause should be reversed and remanded to await the further action of a future grand jury.
Reversed and remanded.
GILLESPIE, C.J., and INZER, SMITH and SUGG, JJ., concur.