BROOM, Justice.
Appellant, Charles A. Jenkins, was convicted of the sale of Demerol and sentenced to seven years in the state penitentiary and fined $2,000. Trial was in the Circuit Court of Forrest County, Mississippi. We affirm.
Whether or not the indictment is void on its face for vagueness is the dispositive issue, and, therefore, the factual details need not be narrated.
By indictment it was charged that appellant on January IS, 1974, “did willfully, unlawfully and feloniously sell a quantity of a controlled substance, to-wit, Demerol.” No demurrer to the indictment was filled although Mississippi Code Annotated section 99-7-21 (1972), requires that objections to an indictment for a defect appearing on its face should be made by demurrer before the jury is empaneled. Appellant’s contention is that the indictment was fatally defective because it did not charge to whom the sale was made, and relies upon Umphress v. State, 295 So.2d 735 (Miss.1974).
There were four indictments in Um-phress, supra, charging the defendant with two offenses of delivery of an amphetamine on December 20, 1971, and two other like offenses on December 30, 1971. In reversing Umphress’ conviction the court pointed out that the statute [Miss.Code Ann. § 41 — 29—105(g-) (1972)], under which those indictments were drawn defines “deliver” as “the actual, constructive, or attempted transfer from one person to another of a controlled substance.” (Emphasis added.) In the present case the appellant was indicted under Mississippi Code Annotated section 41-29-105(aa) (Supp.1974), which defines “sale” as “the actual, constructive or attempted transfer or delivery for remuneration . . . .”
The statutory definition of “sale” under Mississippi Code Annotated section 41-29-105 (aa) (Supp.1974), does not require that there be a transfer from one person to another as is required in the delivery statute [Miss.Code Ann. § 41-29-105(g)(1972), (Miss.Code Ann. § 41-29-105(h) (Supp.1974)], referred to in Um-phress, supra. Proof of the offense of “sale” under the definition before us requires a showing that a transfer or delivery for renumeration occurred. Upon the record before us, and absent any multiplicity of charges against the appellant, we hold that the identity of a person to whom contraband is delivered is not essential to an indictment for a “sale,” although such identity is not forbidden and in many indictments would add desirable particularity. Young v. State, 245 So.2d 26 (Miss. 1971); and Lea v. State, 64 Miss. 201, 1 So. 51 (1887). From perusal of the present record, it cannot be said that the appellant had no way to determine which charge, as related to a particular day, he was being tried for as in Umphress, supra. Consequently his right to subsequently plead double jeopardy is not hazarded or impaired here.
Affirmed.
RODGERS, P. J., and PATTERSON, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.