375 So.2d 235 (1979)
Terry L. STINSON
v.
STATE of Mississippi.
No. 51409.
Supreme Court of Mississippi.
September 26, 1979.
*236 Clyde Ratcliff, McComb, for appellant.
A.F. Summer, Atty. Gen. by Carolyn B. Mill, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
Terry L. Stinson was convicted of armed robbery in the Circuit Court of Pike County. The jury was unable to agree on punishment, and the trial judge sentenced him to twenty (20) years in the Mississippi State Penitentiary. He has appealed and assigns the following errors in the trial below:
(1) The lower court erred in overruling the motion for a directed verdict at the close of the State's case; and
(2) The lower court erred in refusing to grant Instruction D-3.

I.
On June 21, 1978, Kenneth C. Johnson, accompanied by Miss Dorene Belcher, his girl friend, was driving a 1975 Chevrolet pickup truck from Paragould, Arkansas, to Woodville, Mississippi. He was towing a trailer with a wrecked helicopter on it. The truck was valued at approximately thirty-five hundred dollars ($3,500.00) Approximately sixty (60) miles north of Grenada, while driving on I-55, he saw appellant and another young man on the side of the highway. They apparently were having trouble starting the engine of a motorcycle. Johnson stopped to render assistance, but, being distrustful of hitchhikers, he loaded a.357 Magnum pistol with six (6) cartridges and placed it on the floorboard between his feet. He permitted the two men to place the motorcycle in the back of the pickup truck, they also got into the bed of the truck, and Johnson proceeded toward his destination. He stopped on two occasions for refreshments and, at one time, gave some beer to the hitchhikers.
Prior to arrival at McComb, Johnson told the men that he would have to turn off the interstate at Highway 24 and inquired where they wanted to get off. They suggested that he put them off at the Delaware Street exit in McComb. When Johnson stopped at that street, he got out of the pickup truck and climbed up into the bed to help appellant remove the motorcycle from the truck. At that time, appellant shot him in the chest with a .22 caliber pistol. Johnson experienced a keen pain, felt of his chest and saw blood on his hand. He jumped off the truck, hollered to Miss Belcher to "Kill him" with the .357 Magnum, and started running. Miss Belcher got out of the truck and fired a shot above the head of appellant, not intending to hit him, because she was afraid the bullet would also strike Johnson. As Johnson ran across the highway toward a Holiday Inn motel, appellant shot him again, the bullet striking Johnson in the hip. Miss Belcher again fired the.357 Magnum toward the flash from Stinson's pistol, and then fired the third round. Appellant got in the pickup truck and drove off. Miss Belcher found Johnson, lying by a fence near the motel, wounded but still alive. Johnson sent her to the motel for help. Subsequently, the police came to the scene and rendered assistance to him.
The appellant contends that the trial court should have sustained his motion for a directed verdict on the above evidence. Appellant did not introduce any proof after the State rested. On motion for directed verdict, all evidence introduced on behalf of the State, together with reasonable inferences flowing therefrom, is considered most favorable for the State. Warn v. State, 349 So.2d 1055 (Miss. 1977). Appellant further contends that there was insufficient evidence to show that he intended to permanently deprive Johnson of the truck and helicopter at the time he took same away from the scene. (The record does not reflect what happened to the property, whether it was recovered, or how long appellant retained same). Intent may be proved by circumstantial evidence. Pearson v. State, 248 Miss. 353, 158 So.2d 710 (1963); Lupo v. State, 191 So. 491 (Miss. 1939).
*237 In Thomas v. State, 278 So.2d 469 (Miss. 1973), two police officers, who were conducting a surveillance of Thomas, stopped him for questioning. Thomas, at gunpoint, disarmed the officers, ordered them into their police cruiser, and drove to a remote wooded area, where he handcuffed the two policemen to a tree. In discussing the sufficiency of the evidence, with reference to intent permanently to deprive the policemen of the vehicle, the Court said:
"We think that it was a jury issue as to whether or not the appellant took the property here involved from the policemen for the purpose of permanently depriving the owners of their property or whether or not he took the property with no intention of permanently depriving the owner of its possession." 278 So.2d at 473.
See also Harris v. State, 207 Miss. 241, 42 So.2d 183 (1949).
Johnson stopped at a fairly desolate spot to let off the hitchhikers, they still had a long distance to go with their motorcycle, and appellant shot Johnson when he was helping him to remove the motorcycle from the pickup truck, without making any remark or stating any reason for doing so. It is uncontradicted that he drove away from the scene in the pickup truck. The jury was presented an issue as to whether or not he took the truck with the intent to steal same and the trial judge correctly overruled the motion for a directed verdict.

II.
Appellant next contends that the court erred in not granting Instruction D-3, which follows:
"The court instructs the jury that grand larceny is defined by law as the unlawful and felonious taking and carrying away from any place, at any time, of the personal property of another, of a value of more than $100.00, without his consent, by a person not entitled to possession thereof and with the felonious intent to deprive the owner of the property permanently and to convert it to the use of the taker or of some other person other than the owner.
The court further instructs the jury that if you believe from the evidence presented in this case that on or about June 21, 1978, the defendant, Terry L. Stinson, exhibited a handgun toward or shot Kenneth Curtis Johnson but at the time of such exhibition or shooting, if any, the defendant, Terry L. Stinson, did not at that time intend to take from the presence of the said Kenneth Curtis Johnson one 1975 Chevrolet 3/4 ton pick-up of the personal property of another, then it is your sworn duty to find the defendant, Terry L. Stinson, not guilty of armed robbery; but if you believe from the evidence presented and beyond every reasonable doubt that on or about June 21, 1978, that following the exhibition of a gun toward Kenneth Curtis Johnson or the shooting of Kenneth Curtis Johnson the defendant, Terry L. Stinson, left the scene in a 1975 3/4 ton pickup being the personal property of another and later formed an intent to take and carry away said pickup, the personal property of another, of a value of more than $100.00, and with the felonious intent to deprive the owner of said vehicle permanently or to convert it to the use of the defendant, Terry L. Stinson, or some other person, then it would be your sworn duty to find the defendant, Terry L. Stinson, not guilty of armed robbery but guilty of grand larceny."
The trial judge, in refusing the instruction, wrote on same "Refused as not supported by evidence and requires jury to assume facts not in evidence."
The instruction told the jury that, following the exhibition of a gun toward Johnson or the shooting of Johnson, the defendant, Terry L. Stinson, left the scene in a 1975 3/4-ton pickup and "later formed an intent to take and carry away said pickup, ..." That part of the instruction was not based on any evidence, direct or circumstantial, and the trial judge properly refused the instruction as not being supported by the evidence.
The judgment of the lower court is affirmed.
AFFIRMED.
*238 PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.