SMITH, Presiding Justice, for the Court:
Tommie Lee Fields, Jr. was indicted on two counts: (1) Possession of marijuana with intent to deliver and (2) possession of phencyclidene (PCP), a Schedule 1 controlled substance. He was tried and convicted in the Circuit Court of Monroe County on both counts and sentenced to imprisonment for six years, (two suspended), on count 1, and to three years on count 2, the two sentences to run concurrently.
On appeal, Fields assigns several grounds for reversal. Only one has merit. Fields contends that the admission, over objection, of evidence of the contents of a vacuum cleaner bag containing a small amount of marijuana, gleaned from his automobile after his arrest and while he was incarcerated in jail, and after the automobile had been seized by the officers and lodged in a public garage, was prejudicial error requiring reversal. A summary of the facts is necessary to appreciate the significance of this evidence.
*1100 On the day of Fields’ arrest, Patrolman Sykes, while travelling south on Highway 45, met a red Corvette going north, and clocked its speed at 88 miles per hour. The patrolman pulled off the road, turned his car around and pursued. However, although reaching speeds in excess of 100 miles per hour, he was unsuccessful in overtaking the Corvette and lost it when it turned off the highway. He had been unable to get close enough to read the license number. Patrolman Sykes testified that he knew Fields and, in the brief moment of the meeting and passing of the two automobiles, had recognized him as the driver of the Corvette and the Corvette as one belonging to Fields.
After the pursuit began, Patrolman Sykes observed a bag or some such object come out of the Corvette and an arm being withdrawn into the car. Mentally marking the spot, Patrolman Sykes returned there after he lost sight of the Corvette and found a red bag. In this bag were 23 envelopes, each containing a small amount of marijuana, a total of 54.6 grams by weight, and one small bag containing 178 milligrams of phencyclidene, known as PCP or angel dust.
Patrolman Sykes had communicated with the sheriff and that officer came to the spot where Sykes was waiting with the red bag. As the two officers were discussing the matter, they saw Fields drive by on the highway going south. The sheriff followed, “pulled him over” and placed him under arrest for speeding and for the possession of marijuana. Fields was lodged in jail at the county seat and his car was placed in a public garage. No warrant was obtained for the search of the car but a vacuum cleaner belonging to the wife of the garage owner was used by the officers to vacuum the interior of Fields’ automobile at the garage. The contents of the vacuum cleaner bag were then analyzed and found to contain .2 of a gram of marijuana. The introduction of evidence of these facts is the basis of Fields’ contention that the material found in his car was the fruit of an unreasonable and unconstitutional warrant-less search and constituted an error of prejudicial proportions which requires reversal of his conviction.
Fields’ defense was to the effect that Patrolman Sykes had been mistaken in identifying the Corvette as his and in identifying him as the driver. He produced a number of witnesses, whose testimony, if true, made it extremely unlikely, if not impossible, that it had been Fields who had been the driver of the Corvette pursued by Sykes. Fields expressly denied that it had been he, and denied having thrown out the bag containing the drugs.
The State contends that the use of this evidence was justified under the theory that it came within the rule that strictures against searches are relaxed where the search is of an automobile.
The above rule is based upon the mobility of the vehicle and the necessity for making the search promptly, when the occasion for the search is not known sufficiently in advance to afford officers a reasonable opportunity to obtain a search warrant. This is made necessary to prevent destruction of evidence or the obtaining of a weapon by the suspect.
Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), cited Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777 (1964), which involved the search of an automobile under circumstances substantially similar to the search conducted in the present case. In Chimel, supra, the car had been towed to a garage where it was searched by the police. The United States Supreme Court held that the search was unlawful, as too remote in time or place from the arrest.
In Chimel, supra, the Court said that a search incident to a valid arrest must be confined to the person and the area from within which he might have reached weapons or destructible evidence. Here, the defendant was already in custody so there was no danger that evidence would be removed or destroyed.
While sound, this rule has no application here. The automobile was taken *1101 from the suspect by the officers at the time of the arrest and its possession retained while the suspect remained in jail. There was ample time to obtain a warrant and no probability that the automobile could be removed beyond the reach of the officers. The rule referred to cannot be used to justify the failure to obtain a search warrant.
Alternatively, the State contends that admission of the evidence obtained from the Fields’ automobile was “harmless error.” We cannot agree under the circumstances of the case. The jury was confronted with a sharp, irreconcilable factual issue: Was Patrolman Sykes right in identifying the car from which the vacuum bag containing drugs had been thrown as being that of Fields, being driven by Fields? Or were Fields and his witnesses telling the truth in their testimony negating these assertions?
Evidence that the vacuum bag of materials obtained by vacuuming the interior of Fields’ car contained marijuana was a fact calculated to influence the jury to accept Patrolman Sykes’ testimony that Fields’ automobile had been used to transport marijuana and to reject the opposing testimony of Fields and his witnesses.
Under the circumstances, the introduction of this evidence, obtained through the warrantless search of Fields’ car cannot be classified as having been harmless error.
The search of Fields’ car by vacuum cleaning, after he had been arrested, transported to the county jail and lodged in jail and his car carried away from the scene of the arrest does not come within the purview of the rule relaxing the requirements as to what constitutes a reasonable search of a motor vehicle.
The search was in no way an incident to the arrest.
Nor can the vacuuming of the interior of Fields’ automobile be considered a measure reasonably connected with an effort on the part of the officers to protect themselves, the car or its contents.
The other assignments are without merit.
REVERSED AND REMANDED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.