392 So.2d 515 (1981)
Benjamin HOLLINGSWORTH
v.
STATE of Mississippi.
No. 52302.
Supreme Court of Mississippi.
January 7, 1981.
*516 J. Tyson Graham, Graham, Segrest & Johnson, Columbus, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and SUGG and LEE, JJ.
LEE, Justice, for the Court:
Benjamin Hollingsworth was convicted in the Circuit Court of Noxubee County, Honorable Joe O. Sams, presiding, for possession of more than one (1) ounce of marijuana with intent to deliver same and was sentenced to serve a term of five (5) years in the state penitentiary and to pay a fine of three thousand dollars ($3,000). Hollingsworth appeals and assigns five (5) errors in the trial below.
On Wednesday, April 11, 1979, officers of the Noxubee County Sheriff's Department had set up a roadblock in Brooksville. All cars going toward Macon on U.S. Highway 45 were being stopped due to water across the highway. After the roadblock had been in operation for thirty (30) to forty-five (45) minutes, a car drove up on Highway 45 Alternate toward Deputy Sheriff James Barnett, slowed down, and then accelerated at a high speed. Officer Barnett gave chase in his police car, both vehicles heading south on Highway 45. As Officer Barnett neared the back of the fleeing vehicle (later determined to be driven by defendant Hollingsworth), the car began to weave over the road. Something which appeared to be "hay or chopped grass" was thrown from the driver's window. Officer Barnett radioed Sheriff Cecil Russell that the appellant was throwing some marijuana out the car window. Officer Barnett caught Hollingsworth approximately a mile from the roadblock, and stopped his vehicle by pushing it into high water which was covering the road. Sheriff Russell arrived five (5) to ten (10) minutes later, carrying two (2) of the bags which had been thrown from the window. Following the arrest, Officer Barnett removed Hollingsworth from his car, and took him to jail. No search of the automobile took place immediately, but a search was conducted by Sheriff Russell a few minutes later. Sheriff Russell testified that he responded to Barnett's call for assistance and picked up two bags, containing what he thought to be marijuana, along the *517 roadside one-fourth (1/4) mile from where the defendant was arrested. A subsequent search of appellant's stalled car revealed water in the car and bags, which he believed to have marijuana in them, floating on the water and over the seats.
Certain paraphernalia recovered from Hollingsworth's car, including a leather bag, scales and a box of plastic bags, were admitted into evidence over the objection of defendant. Toxicologists, who testified at trial, identified the contents of the plastic bags to be marijuana. Appellant moved for a directed verdict at the close of the State's evidence, but the motion was overruled. He rested without calling any witnesses, and the jury found him guilty as charged. His motion for a new trial was overruled.

I.
Did the lower court err in declining to sustain a demurrer to the indictment?
The demurrer raised the question of whether or not appellant was sufficiently informed by the indictment of the crime for which he was prosecuted and whether he was able to make a defense thereto. He cites and relies upon Umphress v. State, 295 So.2d 735 (Miss. 1974), where this Court, in holding that the demurrer to the indictment should have been sustained, said:
"In Kelly v. State, 204 Miss. 79, 36 So.2d 925 (1948), we said:
`Section 26 of the Constitution of 1890 secures to the accused such a specific description of the nature and cause of the accusation as will enable him to make preparation for his trial, and also such identification of the offense that he may be insured against a subsequent prosecution therefor.... (204 Miss. at 88-89, 36 So.2d at 926).'
More recently we defined the office of an indictment in Westmoreland v. State, 246 So.2d 487 (Miss. 1971), by stating:
`An indictment, of course, constitutes the "pleading" in a criminal case. Its office is to apprise the defendant of the charge against him in fair and intelligible language (1) in order that he may be able to prepare his defense, and (2) the charge must be laid with sufficient particularity of detail that it may form the basis of a plea of former jeopardy in any subsequent proceedings.... (246 So.2d at 489).'"
295 So.2d at 736.
In the present case, appellant is charged with a single offense, not multiple offenses as in Umphress, and he does not have the difficulty here in determining and knowing the details of the charge as in Umphress. See Jenkins v. State, 308 So.2d 95 (Miss. 1975). We are of the opinion that the demurrer was properly overruled.

II.
Did the lower court err in permitting introduction of the physical evidence obtained from appellant's automobile without a search warrant?
The pursuing deputy sheriff saw marijuana being thrown from appellant's vehicle. Some of it hit his windshield and resembled chopped grass. The sheriff picked up more than one (1) bag of marijuana along the road. No other vehicle had traversed the road. The officers saw the contraband inside the vehicle (plain view) before an attempt was made to search it and the search was necessary in order to preserve evidence floating in the water. Under the circumstances, there was proper cause for the search without a warrant. Fields v. State, 382 So.2d 1098 (Miss. 1980); Isaacks v. State, 350 So.2d 1340 (Miss. 1977).

III.
Did the evidence show that appellant attempted to deliver the marijuana?
Appellant contends that the evidence fails to show that he had marijuana with the intent to deliver same or that he attempted to deliver it. The State argues that articles found in the automobile such as scales, bags, and paraphernalia, were sufficient to raise an inference that there was an intent, or attempt, to deliver the marijuana. It is settled that intent may be shown by circumstantial evidence. Stinson *518 v. State, 375 So.2d 235 (Miss. 1979); Ryals v. State, 305 So.2d 354 (Miss. 1974); Shanklin v. State, 290 So.2d 625 (Miss. 1974); Newburn v. State, 205 So.2d 260 (Miss. 1967); Pearson v. State, 248 Miss. 353, 158 So.2d 710 (1963); and Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962).
However, the inference in the present case flowing from possession of the articles mentioned could just as well infer possession for personal use as intent to deliver the contraband to another person. We are of the opinion that the evidence here, direct and circumstantial, fails to show intent, or attempt, to deliver the marijuana. Consequently, we hold that the appellant should have been sentenced for possession of more than one (1) ounce of marijuana under Mississippi Code Annotated Section 41-29-139(d)(2)(C) (Supp. 1980) and the case is remanded for resentencing under that statute.
We have carefully considered the other two assignments of error and find that there is no merit in them.
AFFIRMED AND REMANDED FOR RESENTENCING.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER and BROOM, JJ., concur.