PITTMAN, Justice,
dissenting:
I would affirm the conviction of Rhonda Sue Jowers on the charge of intent to distribute a controlled substance. Therefore, I respectfully dissent.
Until recently, Mississippi law was well-settled that criminal intent may, and ordinarily can only be shown by surrounding circumstances. Shive v. State, 507 So.2d 898, 900 (Miss.1987); Boches v. State, 506 So.2d 254, 260 (Miss.1987); Fisher v. State, 481 So.2d 203, 213 (Miss.1985); Hollingsworth v. State, 392 So.2d 515, 517-518 (Miss.1981); Stinson v. State, 375 So.2d 235, 236 (Miss.1979); Ryals v. State, 305 So.2d 354, 356 (Miss.1974); Shanklin v. State, 290 So.2d 625, 627 (Miss.1974). As the majority acknowledges, the intent to sell or deliver contraband can be established in Mississippi by inference from circumstantial evidence. Jackson v. State, 580 So.2d 1217, 1220 (Miss.1991); Bryant v. State, 427 So.2d 131, 132 (Miss.1983); Hollingsworth, 392 So.2d at 517. Thus, Mississippi law has historically found that intent to distribute was an offense which called for some supposition, conjecture, or construction by law enforcement personnel.
The majority finds that the particular surrounding circumstances in the case sub judice are not enough to show intent. What would be enough? I contend that this Court will rarely find more than suspicion of intent to distribute. The only time when law enforcement authorities will have more than suspicion of intent to distribute is when the authorities can read the mind of the defendant, witness a transaction, or can elicit an admission of intent to distribute. Per the recent progeny of cases from this Court including Stringfield v. State, 588 So.2d 438 (Miss.1991), Thomas v. State, 591 So.2d 837 (Miss.1991), and the case at bar, the only time a prosecutor will be able to gain a conviction for intent to distribute is when the defendant is heard to say, “I intend to sell these drugs.” This Court’s recent direction in determination of intent to distribute creates a situation for prosecutors where intent to distribute is being pushed beyond proof. Since very few defendants admit an intent to distribute and since most defendants are careful to avoid apprehension while in the act of a drug sale, as a practical matter, criminal intent is almost always an offense that must be surmised from the surrounding circumstances.
What would be enough in Mississippi to delineate intent to distribute? In the case sub judice, an intent to distribute can be surmised. The aggregate of the paraphernalia found in Jowers’ possession points to an intent to distribute. She possessed a substantial amount of cash, a substantial amount of a controlled substance (marijuana), and a substantial collection of drug tools and/or drug paraphernalia. Clearly, an intent to distribute could be inferred from the situation found at Jowers’ home.
ROY NOBLE LEE, C.J., and PRATHER, J., join this dissent.