PITTMAN, Justice,
dissenting:
Believing that the conviction of Eugene Girley, Jr., on the charge of intent to distribute a controlled substance should be affirmed by this Court along with the af-firmance of his conviction for cocaine possession, I respectfully dissent.
This Court’s recent decision reversing convictions on charges of intent to distribute on the premise that the State did not present sufficient evidence at trial to sustain a conviction does not recognize the real world, a world where unemployed or under-employed have large amounts of cash, where the accused has packages of drugs easily sold and distributed, and a world where drugs are pervasive. I expressed my concern in Jowers v. State, 593 So.2d 46 (Miss.1992) (Pittman, J. dissenting) and was joined by two of my esteemed colleagues, Chief Justice Lee and Justice Prather. Today, the majority again finds insufficient evidence to support a conviction of intent to distribute. I am persuaded to again disagree, and I re-state part of my dissent from Jowers to wit:
Until recently, Mississippi law was well-settled that criminal intent may, and ordinarily can only be shown by surrounding circumstances. Shive v. State, 507 So.2d 898, 900 (Miss.1987); Boches v. State, 506 So.2d 254, 260 (Miss.1987); Fisher v. State, 481 So.2d 203, 213 (Miss.1985); Hollingsworth v. State, 392 So.2d 515, 517-518 (Miss.1981); Stinson v. State, 375 So.2d 235, 236 (Miss.1979); Ryals v. State, 305 So.2d 354, 356 (Miss.1974); Shanklin v. State, 290 So.2d 625, 627 (Miss.1974). As the majority acknowledges, the intent to sell or deliver contraband can be established in Mississippi by inference from circumstantial ev *847 idence. Jackson v. State, 580 So.2d 1217, 1220 (Miss.1991); Bryant v. State, 427 So.2d 131, 132 (Miss.1983); Hollings-worth, 392 So.2d at 517. Thus, Mississippi law has historically found that intent to distribute was an offense which called for some supposition, conjecture, or construction by law enforcement personnel.
Girley’s intent to distribute can be surmised. Girley, an employee of a company that mines and produces clay, possessed a large amount of cash as well as a diversity of drugs already separated into smaller amounts at least conducive to sale for personal consumption. The drugs and cash in Girley’s possession point to an intent to distribute. Mississippi law allows us to infer an intent to distribute. An intent to distribute can be inferred from the circumstances surrounding Girley’s arrest.
PRATHER and BANKS, JJ., join this opinion.