CARLTON, J.,
for the Court:
¶ 1. Hence David Davis appeals the Lauderdale County Circuit Court’s summary denial and dismissal of his motion for post-conviction relief (PCR), arguing that his indictment is defective and that his sentence is illegal. Finding no error, we affirm the trial court’s dismissal.
FACTS
¶ 2. On August 5, 2011, a Lauderdale County grand jury indicted Davis for sale of cocaine, in violation of Mississippi Code Annotated section 41-29-139 (Supp.2014). Davis was further indicted as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Supp.2014), and also as a subsequent offender under Mississippi Code Annotated section 41-29-147 (Rev. 2013).
¶ 3. On November 15, 2011, Davis pled guilty to the sale of cocaine as a second offender. The trial court sentenced Davis to serve forty years in the custody of the Mississippi Department of Corrections and ordered him to pay a $5,000 fine, as well as court costs and laboratory fees. The record reflects that the trial court did not sentence Davis as a habitual offender. Rather, the State agreed to dismiss the charges in two other indictments and not prosecute other possible drug charges in Lauderdale County; as a result, the trial court dropped the habitual charge.
¶4. On June 28, 2013, Davis simultaneously filed two motions for reconsideration of his sentence, which the trial court treated as a PCR motion. On July 22, 2013, Davis filed a third motion for reconsideration, and four days later, on July 26, 2013, he filed a PCR motion, arguing that his second-offender enhancement was illegal due to entrapment, that his indictment was improper, and that he received ineffective assistance of counsel. On September 26, 2013, Davis filed a second PCR motion. The trial court, after finding that all five pleadings were filed very close in time and contained nearly identical arguments, stated that it would consider Davis’s claims together as one request for post-conviction relief.
¶ 5. The trial court found that Davis freely and voluntarily entered his guilty plea. .The trial court stated that Davis’s plea petition indicated that Davis desired to plead guilty to the charge of “sale of cocaine — enhanced—not habitual,” and that Davis acknowledged and accepted the district attorney’s recommendation of forty years. The trial court further held that the transcript from the plea hearing revealed that the court informed Davis of the possible punishment he was facing. The transcript also shows that Davis affirmed that he was not under the influence of drugs or alcohol, and that he was freely and voluntarily entering his guilty plea.
¶ 6. Regarding Davis’s claim of a defective indictment, the trial court found that Davis’s indictment charging him for the sale of cocaine, in violation of section 41-29-139(a)(l), tracked the exact language of the statute. The trial court also stated that since Davis pled guilty, he waived his right to confront and cross-examine the State’s witnesses, so the State’s failure to name the confidential informant in the indictment caused no defect.
¶ 7. The trial court also held that the record revealed no evidence to support Davis’s allegation that his counsel coerced him into pleading guilty by promising Davis he would only have to serve ten years of his sentence. The trial court also stated that Davis failed to furnish his own evidence or affidavit, much less anyone else’s affidavit, to demonstrate that his counsel’s performance was deficient. As a *540 result, the trial court summarily denied Davis’s requested relief and dismissed the PCR motion.
¶ 8. Davis now appeals the' denial and' dismissal of his PCR motion, asserting that his indictment was defective and that his sentence is illegal.[1]
STANDARD OF REVIEW
¶ 9. “When this Court reviews the trial court’s dismissal of a PCR motion, we will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised, the applicable standard of review is de novo.” Chaney v. State, 121 So.3d 306, 308 (¶ 4) (Miss.Ct.App.2013). Davis possesses the burden to prove, by a preponderance of the evidence, that he is entitled to relief. Bilbo v. State, 881 So.2d 966, 967 (¶ 3) (Miss.Ct.App.2004); see Miss.Code Ann. § 99-39-23(7) (Supp.2014).
DISCUSSION
I. Defective Indictment
¶ 10. We acknowledge that Davis waived any defects in the indictment upon his plea of guilty. Kennedy v. State, 118 So.3d 684, 685 (¶ 6) (Miss.Ct.App.2013). In his appeal, Davis asserts that his indictment is defective and invalid because the indictment failed to: (1) state that Davis “unlawfully possessed the cocaine”; (2) charge a subsection under section 41-29-139(3); (3) allege the person to whom Davis sold the cocaine; and (4) allege all of the essential elements and facts pertaining to the offense. Davis asserts that these errors. constitute jurisdictional defects in his indictment, and as a result, these errors are not waived by a guilty plea.
¶ 11. Uniform Rule of Circuit and County Court 7.06 provides that an indictment “shall be a plain, concise!,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation.” The chief objective of an indictment is to provide a defendant fair notice of the crime charged. Hines v. State, 126 So.3d 985, 987 (¶ 10) (Miss.Ct.App.2013) (quoting Faulkner v. State, 109 So.3d 142, 146 (¶ 13) (Miss.Ct.App.2013)). “An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense.” Gilmer v. State, 955 So.2d 829, 836-37 (¶ 24) (Miss.2007) (citing Hamling v. United States, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974)). The Mississippi Supreme Court has held that “[s]o long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient.” Harrison v. State, 722 So.2d 681, 687 (¶ 22) (Miss.1998) (citing Henderson v. State, 445 So.2d 1364, 1368 (Miss.1984)).
¶ 12. The elements^ for sale of a com trolled substance (in this case, cocaine), as defined by section 41-29-139(a)(l), are:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, *541 manufacture, distribute or dispense, a controlled substance[.]
In the case before us, Davis’s indictment charged that Davis did “-willfully, unlawfully, and feloniously and knowingly sell, barter, transfer, distribute or dispense approximately 0.2 gram(s) of cocaine, a Schedule II controlled substance, to a confidential source, in exchange for forty dollars.” The record reflects that the trial court correctly found that the indictment tracked the language of the applicable statute. ■
¶ 13. Davis claims that since the indictment failed to allege that he unlawfully possessed the cocaine or that he intended to sell the cocaine, the indictment is insufficient and therefore invalid. Davis argues that he could not sell cocaine without being in possession of the cocaine in the first place. However, section 41-29-139(a)(1) delineates two factual scenarios under which a person may be charged with sale of a controlled substance: (1) when an individual sells, barters, transfers, manufactures, distributes, or dispenses a controlled substance, or (2) when an individual possesses a controlled substance with intent to sell, barter, transfer, manufacture, distribute, or dispense it. We therefore find that Davis’s indictment properly charged Davis with the essential elements of the offense.
¶ 14. Davis also claims that the identity of the confidential informant constitutes an element of the offense, and the failure to state the confidential informant’s identity in the indictment renders the indictment defective. Davis cites to Umphress v. State, 295 So.2d 735 (Miss.1974), in support of his argument. In Umphress, the supreme court explained that it reversed and remanded the case because it held that the indictment was defective because it did not state enough facts to inform the defendant of the specific charge against him. Id. at 736-37. Unlike Um-phress, we find that Davis’s indictment sufficiently informed him of the charge against him.
¶ 15. Additionally, the supreme court has held that “the identity of a person to whom contraband is delivered is not essential to an indictment for a sale.” Jenkins v. State, 308 So.2d 95, 96 (Miss.1975). Furthermore, when a defendant pleads guilty, he waives the right to confront adverse witnesses. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992).
II. Illegal Sentence
¶ 16. Davis next argues that his sentence of forty years for the offense of sale of a controlled substance constitutes an illegal sentence. The trial court sentenced Davis under section 41-29-139, and his sentence was enhanced • under section 41-29-147.
¶ 17. Davis asserts that the trial court sentenced him illegally, stating that he “was never facing a 60 year sentence as stat[ed] by the trial court” in its order denying Davis’s PCR motion. Davis claims that according to his interpretation of sections 41-29-139 and 41-29-147, he should have been sentenced to no more than eight years.
¶ 18. At the time of Davis’s conviction and sentence, Mississippi Code Annotated section 41 — 29—139(b)(1) (Supp.2011) provided:
(b) Except as otherwise provided in subsections (f) tod (g) of this section or in [sjection 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows: '
(1) In the case of controlled substances classified in Schedule I or II, as set out in [s]ections 41-29-113 and 41-29-115, except thirty (30) grams or less of marihuana or synthetic canna- *542 binoids, and except a first offender as defined in [sjeetion 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana or synthetic cannabi-noids, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both[.j
¶ 19. In regard to the enhanced sentence for a subsequent drug-related offense, section 41-29-147 outlines:
Except as otherwise provided in [sjection 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
¶ 20. The State argues that at the time of Davis’s conviction and sentence in November 2011, under Mississippi law, “the penalty for the sale of cocaine [was] the same regardless of the quantity sold,” thus providing the trial court with the discretion to sentence Davis to up to sixty years. Fair v. State, 93 So.3d 56, 58 (¶ 7) (Miss.Ct.App.2012). In its order denying PCR, the trial court found that Davis’s forty-year sentence is within the sentencing guidelines and thus not illegal. After our review of the record, we find that the trial court’s dismissal of Davis’s PCR motion was not clearly erroneous. See Kennedy, 118 So.3d at 685 (¶ 3).
¶ 21. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.

. Although the State’s brief addresses claims of an involuntary guilty plea and ineffective assistance of counsel, Davis clarifies in his reply brief that regarding his PCR motion, his "guilty plea has never been an issue,” and •that he “never claimed ineffective assistance Of counsel.”