# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01016-COA

**JERRY MAURICE ALFORD A/K/A JERRY M. ALFORD A/K/A JERRY ALFORD**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/03/2014 |
| TRIAL JUDGE: | HON. LESTER F. WILLIAMSON JR. |
| COURT FROM WHICH APPEALED: | LAUDERDALE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JERRY MAURICE ALFORD (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LADONNA C. HOLLAND |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 02/09/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Jerry Maurice Alford was indicted for sale of a controlled substance on August 6, 2010. Alford pleaded guilty on November 14, 2011, to the sale of approximately 0.6 grams of cocaine. The Lauderdale County Circuit Court sentenced Alford to thirty years in prison.

¶2.     Alford filed a motion for post-conviction collateral relief (PCCR) on September 12, 2013, which the circuit court denied. Alford now appeals. This Court finds no error and affirms.

STANDARD OF REVIEW

¶3. This Court will not overturn a trial court's dismissal of a PCCR motion on appeal "unless the trial court's decision was clearly erroneous." *Chapman v. State*, 135 So. 3d 184, 185 (¶6) (Miss. Ct. App. 2013) (citation omitted). "When reviewing questions of law, this Court's standard of review is de novo." *Id.* (citation omitted).

ANALYSIS

¶4. Alford asserts the following issues, condensed and edited for clarity: (1) he was convicted under a defective indictment; and (2) he received ineffective assistance of counsel.

   I.    *Whether Alford's indictment was defective.*

¶5. Alford raises several issues stemming from his indictment. The indictment stated Alford "did wilfully, unlawfully, . . . feloniously[,] and knowingly sell, barter, transfer, distribute[,] or dispense approximately 0.6 gram(s) of Cocaine, a schedule II controlled substance, to a confidential informant, in exchange for sixty dollars . . ." in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2010). Alford contends the indictment failed to allege the specific amount of cocaine, the manner in which he sold the cocaine, and to whom he sold the cocaine.

¶6. However, Alford pleaded guilty, which bars certain challenges to an indictment. "[T]he law is settled that[,] with only two exceptions, the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment." *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011) (quoting *Conerly v. State*, 607 So. 2d 1153, 1156 (Miss. 1992)). "A guilty plea does not waive an indictment's failure to charge an essential element

of the crime, and it does not waive lack of subject matter jurisdiction . . . ." *Id.* Therefore, this Court must determine whether any of the omissions Alford complains of constitute essential elements of the crime.

¶7. Alford primarily contends the failure to state a specific amount of cocaine rendered the indictment defective. Alford pleaded guilty under section 41-29-139, which, at the time of Alford's crime, did not specify the amount of cocaine required for a sentence of thirty years. In a case analyzing a conviction under the same statute, this Court found that:

> Under Mississippi law, the penalty for the sale of cocaine is the same regardless of the quantity sold. Therefore, the amount of cocaine sold is not an essential element of the crime. As such, an indictment is not defective for failing to list a quantity of cocaine in the context of a sale of cocaine charge. In fact, Mississippi law is clear that a quantity or amount of cocaine is not required to be listed in the indictment for a charge of sale of cocaine.

*Fair v. State*, 93 So. 3d 56, 58 (¶7) (Miss. Ct. App. 2012) (internal citations and quotations omitted). Thus, Alford's contention fails.

¶8. As a second error, Alford claims the omission of the exact method through which he sold the drugs constitutes a defect. "[T]he Mississippi Supreme Court [has] held that an indictment is generally sufficient if it tracks the language of the relevant criminal statute." *Ludwig v. State*, 147 So. 3d 360, 363 (¶9) (Miss. Ct. App. 2014) (citing *Tran v. State*, 962 So. 2d 1237, 1241 (¶17) (Miss. 2007)).

¶9. Section 41-29-139 dictates that "it is unlawful for any person knowingly or intentionally: (1) To sell, barter, transfer, manufacture, distribute, dispense[,] or possess with intent to sell, barter, transfer, manufacture, distribute[,] or dispense, a controlled

3

substance[.]" Alford's indictment includes the terms "sell, barter, transfer, distribute[,] or dispense," which sufficiently tracks the statute. Accordingly, this claim fails.

¶10. Third, Alford alleges the identity of the confidential informant constitutes an essential element of the crime. "[T]he supreme court has held that 'the identity of the person to whom drugs are sold does not change the essence of the offense, since such identity is not an element of the offense.'" *Garrett v. State*, 110 So. 3d 790, 793 (¶11) (Miss. Ct. App. 2012) (quoting *Jones v. State*, 912 So. 2d 973, 976 (¶10) (Miss. 2005)). Therefore, the indictment's use of "confidential informant" rather than the recipient's name does not result in a defect.

¶11. As separate issues regarding his indictment, Alford argues the plain-error and the actual-innocence doctrines apply. "Only an error that affects the defendant's substantial rights rises to the level of plain error." *Stribling v. State*, 81 So. 3d 1155, 1162 (¶31) (Miss. Ct. App. 2011) (citing *Patrick v. State*, 754 So. 2d 1194, 1195-96 (¶¶7, 12) (Miss. 2000)). Because no error occurred in Alford's indictment, plain error does not apply.

¶12. Alford also invokes the doctrine of actual innocence. "In the context of post-conviction proceedings, the United States Supreme Court has explained that actual innocence means 'factual innocence' that the person did not commit the crime. But legal innocence is a distinct concept that arises in circumstances when a constitutional violation, by itself, requires reversal." *Borden v. State*, 122 So. 3d 818, 822 (¶9) (Miss. Ct. App. 2013) (internal citation omitted). Alford only asserts his defective indictment caused a constitutional violation that rises to actual innocence. However, as previously discussed, Alford's

4

indictment was sufficient; thus, no constitutional violation occurred. This issue is without merit.

> ## II. *Whether Alford received ineffective assistance of counsel.*

¶13. As a second issue, Alford contends his trial counsel failed to oppose the defective indictment, did not conduct discovery or interview witnesses, and told Alford he had to plead guilty.

¶14. To support an ineffective-assistance-of-counsel claim, Alford must show: (1) his counsel's performance was deficient and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, "there is a strong presumption that counsel's performance falls within the range of reasonable professional assistance." *Hooghe v. State*, 138 So. 3d 240, 247 (¶31) (Miss. Ct. App. 2014) (citing *Strickland*, 466 U.S. at 689).

¶15. However, Alford pleaded guilty, which "waives claims of ineffective assistance of counsel 'except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.'" *Rigdon v. State*, 126 So. 3d 931, 936 (¶16) (Miss. Ct. App. 2013) (quoting *Hill v. State*, 60 So. 3d 824, 827 (¶6) (Miss. Ct. App. 2011)). Alford contends his counsel's deficient performance occurred when he failed to object to the indictment and to investigate the crime. Alford's guilty plea, therefore, waives these claims.

¶16. Despite this waiver, Alford did ask in his affidavit and appellate brief the question of "[w]hy the trial counsel told Alford he had to plead guilty to the charge." But Alford offers no evidence indicating an involuntary guilty plea other than this allusion in his own affidavit.

5

"In cases involving post-conviction collateral relief, 'where a party offers only his affidavit, then his ineffective assistance claim is without merit.'" *Cherry v. State*, 24 So. 3d 1048, 1051 (¶6) (Miss. Ct. App. 2010) (quoting *Vielee v. State*, 653 So. 2d 920, 922 (Miss. 1995)). Further, during the plea hearing, Alford stated he freely and voluntarily entered the plea. Therefore, this issue is without merit.

¶17.    Alford fails to present sufficient evidence to prove that his indictment was defective or his trial counsel rendered ineffective assistance.  For these reasons, this Court affirms the judgment of the circuit court.

¶18.    **THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.  GREENLEE, J., NOT PARTICIPATING.**