# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00768-COA

**LONZELL JONES A/K/A LONZELL JONES, JR.**         **APPELLANT**
**A/K/A LONZELLE JONES**

**v.**

**STATE OF MISSISSIPPI**                                                    **APPELLEE**

DATE OF JUDGMENT:                05/16/2016
TRIAL JUDGE:                          HON. JOSEPH H. LOPER JR.
COURT FROM WHICH APPEALED:   WINSTON COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:        LONZELL JONES (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                           BY: BILLY L. GORE
NATURE OF THE CASE:               CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION:         DENIED MOTION FOR POSTCONVICTION
                                           RELIEF
DISPOSITION:                          AFFIRMED - 04/04/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND WESTBROOKS, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Lonzell Jones pleaded guilty to one count of sale of cocaine on May 7, 2013. On July 30, 2015, Jones filed a motion for postconviction relief (PCR), which the trial court summarily denied. Jones now appeals, arguing that the trial court erred in denying his PCR motion because his counsel was ineffective and his indictment was defective. After our review of the record, we affirm the trial court's denial of Jones's PCR motion.

## FACTS

¶2.     On March 26, 2013, a Winston County grand jury indicted Jones with two counts of

sale of cocaine. The indictment charged Jones as a second drug offender and as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2015). On May 7, 2013, Jones pleaded guilty to a single count of sale of cocaine contained in Count II of the indictment.[1]

¶3. The record reflects that, upon entering his guilty plea, Jones signed a plea petition wherein Jones confirmed that he offered his plea of guilty "freely and voluntarily and of [his] own accord[,] and with [a] full understanding of all the matters set forth in the indictment and . . . in [the plea] petition." Jones also wrote on the plea petition: "I am guilty of sale of cocaine[,] count 2." The trial court then sentenced Jones to serve a term of thirty years in the custody of the Mississippi Department of Corrections (MDOC), with eight years of postrelease supervision after the completion of twenty-two years of incarceration.

¶4. Jones filed a PCR motion on July 30, 2015, claiming that: (1) the indictment was defective; (2) he was denied effective assistance of counsel; (3) the trial court, his attorney, and the district attorney's office committed plain error; and (4) a fatal variance existed between the indictment and the proof against him. The trial court denied Jones's PCR motion, finding the motion frivolous, and ordered that "sixty (60) days of h[is] earned time credit should be forfeited pursuant to Mississippi Code Annotated [s]ection 47-5-138 [(Rev. 2015)]." Jones now appeals the trial court's denial of his PCR motion.

## STANDARD OF REVIEW

¶5. "When reviewing a trial court's denial or dismissal of a motion for PCR, we will only

---

[1] The record reflects that, as a result of a plea deal between the State and Jones, Count I of the indictment and all sentence enhancements of the indictment were dismissed.

disturb the trial court's factual findings if they are clearly erroneous; however, we review legal conclusions under a de novo standard of review." *Chapman v. State*, 167 So. 3d 1170, 1172 (¶3) (Miss. 2015).

## DISCUSSION

### I.     Defective Indictment

¶6.     Jones argues that his indictment was defective because it failed to properly charge him with an offense. Jones specifically claims that he was charged with the sale of cocaine, but the indictment failed to contain the amount of cocaine he allegedly sold. Jones further claims that his indictment also failed to contain essential facts—that he sold the cocaine to a confidential informant, and the name of the confidential informant. As set forth in this opinion, Jones's argument lacks merit because the quantity of cocaine sold is not required to be specified in the indictment. *See Fair v. State*, 93 So. 3d 56, 58 (¶7) (Miss. Ct. App. 2012). We now address Jones's claims of error with more specificity.

¶7.     Although "the entry of a knowing and voluntary guilty plea waives all other defects or insufficiencies in the indictment[,] . . . [a] guilty plea does not waive an indictment's failure to charge an essential element of the crime[.]" *Joiner v. State*, 61 So. 3d 156, 159 (¶7) (Miss. 2011). Upon review, we recognize that "[a] PCR movant bears the burden of showing he is entitled to relief by a preponderance of the evidence." *Ducksworth v. State*, 134 So. 3d 792, 794 (¶3) (Miss. Ct. App. 2013).

¶8.     Uniform Rule of Circuit and County Court 7.06 provides that an indictment "shall be a plain, concise[,] and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation." This

3

Court has held that "[t]he chief objective of an indictment is to provide a defendant fair notice of the crime charged." *Davis v. State*, 171 So. 3d 537, 540 (¶11) (Miss. Ct. App. 2015). "An indictment must contain (1) the essential elements of the offense charged, (2) sufficient facts to fairly inform the defendant of the charge against which he must defend, and (3) sufficient facts to enable him to plead double jeopardy in the event of a future prosecution for the same offense." *Id*. (quoting *Gilmer v. State*, 955 So. 2d 829, 836-37 (¶24) (Miss. 2007)). In *Harrison v. State*, 722 So. 2d 681, 687 (¶22) (Miss. 1998), the Mississippi Supreme Court provided that, "[s]o long as from a fair reading of the indictment, taken as a whole, the nature and cause of the charge against the accused are clear, the indictment is legally sufficient."

¶9. The record before us reflects that, as a result of a plea deal, Jones pleaded guilty to one count of sale of cocaine, as set forth in Count II of Jones's indictment. Count II of the indictment charges that Jones:

> On or about August 6, 2012, in Winston County, Mississippi, and within the jurisdiction of this Court, did wilfully, unlawfully, feloniously, and purposely or knowingly sell, transfer, distribute[,] or deliver a quantity of cocaine, a Schedule II controlled substance, to a human being, and did then and there receive therefore a sum of lawful United States money, constituting a related series of acts or transactions or a common scheme or plan, in violation of [s]ection 41-29-139(a)(1) [and] (b)(1) of the Mississippi Code of 1972, as amended, and against the peace and dignity of the State of Mississippi[.]

¶10. At the time Jones was indicted in 2013, Mississippi Code Annotated section 41-29-139(a)(1) and (b)(1) (Rev. 2013) stated:

> (a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
>
> > (1) To sell, barter, transfer, manufacture, distribute, dispense[,]

4

or possess with intent to sell, barter, transfer, manufacture, distribute[,] or dispense, a controlled substance; or

. . . .

(b) Except as otherwise provided in subsections (f) and (g) of this section or in Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:

(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except thirty (30) grams or less of marihuana or synthetic cannabinoids, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana or synthetic cannabinoids, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000.00) nor more than One Million Dollars ($1,000,000.00), or both[.]

¶11. In denying Jones's PCR motion, the trial court explained that "[t]he statute does not list the identi[t]y of the buyer of drugs as an essential element of the crime. Consequently, the buyer's name does not have to be included in the indictment." Indeed, "the supreme court has held that the identity of the person to whom drugs are sold does not change the essence of the offense, since such identity is not an element of the offense." *Garrett v. State*, 110 So. 3d 790, 793 (¶11) (Miss. Ct. App. 2012) (citation and internal quotation marks omitted); *see also Davis*, 171 So. 3d at 541 (¶15) (quoting *Jenkins v. State*, 308 So. 2d 95, 96 (Miss. 1975) ("[T]he identity of a person to whom contraband is delivered is not essential to an indictment for a sale.")).

¶12. The trial court also explained that Mississippi caselaw does not require that "the quantity of cocaine that was sold . . . be specified in the indictment because the penalty . . . [is] the same irrespective of the quantity of the cocaine that was sold." In *Fair*, this Court

5

found:

> Under Mississippi law, the penalty for the sale of cocaine is the same regardless of the quantity sold. Therefore, the amount of cocaine sold is not an essential element of the crime. As such, an indictment is not defective for failing to list a quantity of cocaine in the context of a sale[-]of[-]cocaine charge.

*Fair*, 93 So. 3d at 58 (¶7) (internal citations and quotation marks omitted). *See also Alford v. State*, 185 So. 3d 429, 431 (¶7) (Miss. Ct. App. 2016).

¶13. Additionally, our review of the record reflects that the language of Jones's indictment tracks the language of section 41-29-139(a)(1) and (b)(1), the criminal statute under which he was indicted. "[T]he . . . [s]upreme [c]ourt [has] held that an indictment is generally sufficient if it tracks the language of the relevant criminal statute." *Ludwig v. State*, 147 So. 3d 360, 363 (¶9) (Miss. Ct. App. 2014) (citing *Tran v. State*, 962 So. 2d 1237, 1241 (¶17) (Miss. 2007)). This issue lacks merit.

## II. Ineffective Assistance of Counsel

¶14. Jones argues that his counsel was ineffective for failing to investigate the "background status" of the confidential informant to whom Jones allegedly sold cocaine. Jones claims that the confidential informant is a convicted felon, and Jones argues that this fact "prejudiced [his] case, resulting in a[] fundamentally unfair outcome." Jones provides no further information or allegation about the confidential informant. Jones also claims that his counsel was ineffective for letting him plead guilty to a defective indictment.

¶15. To prevail on a claim for ineffective assistance of counsel, Jones bears the burden of showing: (1) his counsel's performance was deficient and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, a strong presumption exists

6

"that counsel's performance falls within the range of reasonable professional assistance." *Alford*, 185 So. 3d at 432 (¶14). Jones "must allege facts pointing toward counsel's deficient performance with specificity and detail." *Bell v. State*, 117 So. 3d 661, 664 (¶10) (Miss. Ct. App. 2013) (internal quotation marks omitted). A movant must also offer more than his own affidavit or bare assertion in support of his claim for ineffective assistance of counsel; this Court has held that "mere allegations are insufficient to entitle a defendant to an evidentiary hearing on a post[]conviction claim of ineffective assistance of counsel." *Id.* at (¶¶10-11).

¶16. In denying Jones's PCR motion, the trial court held:

> This court finds that Jones has failed to provide this court with any sworn affidavits, not even his own, that support his claim of ineffective assistance of counsel. This court has been presented with absolutely no proof Jones'[s] lawyer failed to prepare an adequate defense and/or that he failed to investigate the criminal background of the confidential informant. In fact, . . . the petitioner's guilty plea indicates that he and his attorney did discuss possible defenses. Additionally, this court notes that Jones has not alleged that "but for" the purported errors by his attorney, he would not have entered his guilty plea.

¶17. We recognize that a guilty plea "waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Alford*, 185 So. 3d at 432 (¶15) (citation and internal quotation marks omitted). The transcript from Jones's plea colloquy reveals that Jones voluntarily and freely entered his guilty plea and expressed no complaints about his trial counsel:

THE COURT: Now, have you had an opportunity to go over the charges that have been brought against you in this case with [your defense counsel]?

JONES: Yes, sir.

THE COURT: Has he advised you of the elements of the crime of sale

7

of cocaine, that being the facts the State would have to prove before you could be found guilty?

JONES: Yes, sir.

THE COURT: Has he also discussed with you any possible defenses you might have to the charge?

JONES: Yes, sir.

THE COURT: Has [your defense counsel] met the expectations of what you believe a lawyer representing you in this case should do for you?

JONES: Yes, sir.

THE COURT: Do you have any complaints about that representation?

JONES: No, sir.

THE COURT: Are you completely and totally satisfied in all respects with the representation that you have been provided by [your defense counsel]?

JONES: Yes, sir.

. . . .

THE COURT: Are you pleading guilty to the crime of sale of cocaine because you are, in fact, guilty?

JONES: Yes, sir.

THE COURT: The [c]ourt finds the plea to be . . . freely, knowingly, voluntarily[,] and intelligently made. The [c]ourt finds there to be a factual basis for the charge and for the plea of guilty. The [c]ourt does accept the plea of guilty. The [c]ourt will also accept the recommendation from the [S]tate.

¶18. Jones's guilty plea, which he freely and voluntarily entered, thus waives Jones's claims that his counsel was ineffective by failing to investigate the background of the

8

confidential informant and by allowing Jones to plead guilty to a defective indictment. Furthermore, this Court has already determined that Jones's indictment was not defective, and we accordingly find that Jones's counsel was not ineffective in failing to object to the indictment. We additionally acknowledge that the transcript reflects that the State provided a factual basis for Jones's plea of guilty, including a statement that "this sale was captured on audio and video surveillance, which the State would put on as evidence . . . ." We thus find this issue lacks merit. Accordingly, we affirm the trial court's denial of Jones's PCR motion.

¶19. **THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**